**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 2001**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

JOSEPH L. ANDERSON,

      Plaintiff-Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
WILLIAM E. CUMMINGS, Secretary
of Corrections designee; BARBRA
SCHNIEDER, Records Clerk for
Hutchinson Correctional Facility; R.
VIERYA, Unit Team Manager of
Hutchinson Correctional Facility; JON
D. GRAVES, Assistant Attorney
General for Kansas Department of
Corrections; JOHN/JANE DOES, in
their individual and official capacities,

      Defendants-Appellees.

No. 01-3210
(D.C. No. 01-CV-3220-GTV)
(Kansas)

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

Joseph L. Anderson, appearing *pro se*, appeals the district court's dismissal of his case without prejudice. Mr. Anderson, a state prisoner in a Kansas corrections facility, filed suit in federal district court under 42 U.S.C. § 1983, claiming that the state Department of Corrections miscalculated his total prison term in violation of his constitutional rights. In his claim, Mr. Anderson sought both equitable and legal forms of relief. The district court held that challenges to prison terms must be brought under habeas corpus rather than section 1983. Accordingly, the district court construed Mr. Anderson's claim as a petition for federal habeas corpus under 28 U.S.C. § 2241, and dismissed the claim without prejudice for failure to exhaust state remedies. The district court also declined to grant a Certificate of Appealability (COA). Mr. Anderson appeals. For the reasons stated below, we affirm the district court's holding construing Mr. Anderson's claims as claims for habeas relief under section 2241 and deny a COA.[1]

Mr. Anderson presented his suit as arising under section 1983, but his claim, as it currently stands, cannot be brought as a civil rights suit. As the district court held, claims that challenge the fact of conviction or length of

_____

[1]Mr. Anderson's motion requesting that we enter a default against defendant for failure to file a brief is denied.

-2-

incarceration are not cognizable under section 1983 because a more specific form of legal challenge, habeas corpus, is available for this purpose. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Mr. Anderson's equitable relief claims are direct challenges to his length of incarceration and therefore are not cognizable under section 1983.

Moreover, Mr. Anderson may not bring his section 1983 damages claims at this time. To bring a damages claim that directly or impliedly challenges the validity of conviction or incarceration under section 1983, a claimant must have first obtained a favorable decision in state court or in federal habeas proceedings on the conviction or incarceration issue he seeks to challenge. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997). Because Mr. Anderson has not obtained such a determination, his damages claims are not currently cognizable under section 1983.

The appropriate avenue for challenging the execution of a sentence is a habeas petition under 28 U.S.C. § 2241. The district court therefore properly construed Mr. Anderson's claim as a habeas petition filed pursuant to section 2241. The district court then dismissed without prejudice for failure to exhaust state remedies.

Because we agree Mr. Anderson's claim should be construed as a petition for habeas relief, he must have a COA in order to appeal. *See* 28 U.S.C. §

2253(c)(1)(A); *see also Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) ("state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of . . . arises out of process issued by a State court'") (quoting 28 U.S.C. § 2253(c)(1)(A)). The district court declined to grant a COA. Pursuant to Fed. R. App. P. 22(b)(2), Mr. Anderson's notice of appeal is deemed a renewed application for a COA.

Mr. Anderson is entitled to a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). A prisoner may make this showing by demonstrating that the issues he seeks to raise on appeal are 1) deserving of further proceedings, 2) subject to a different resolution on appeal, or 3) reasonably debatable among jurists of reason. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). We agree with the district court that Mr. Anderson's federal habeas petition, so construed, is premature. Mr. Anderson's petition for state post-conviction relief is currently pending before state courts, and the state has not waived exhaustion. Consequently, the petitioner has not satisfied the prerequisites for bringing a federal habeas petition. 28 U.S.C. § 2254(b)(1). Accordingly, he has not made the showing required for a COA.

For the foregoing reasons, we **DENY** Mr. Anderson's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge